United States District Court
Southern District of Texas
**ENTERED**
January 31, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CONNIE HARRISON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:17-CV-1869 |
| § | |
| ALICIA FRANKLIN, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

This case is before the Court on Plaintiff Connie Harrison's Motion to Reconsider Dismissal, Relief from Judgment, and For New Trial. Dkt. 20. Harrison argues that the Court improperly dismissed her Complaint *sua sponte* for Harrison's failure to serve the defendants under Federal Rule of Civil Procedure 4(m). After reviewing the motion, the response, and the applicable law, the Court **GRANTS** the motion in part.

### I.   BACKGROUND

Harrison filed this action on June 19, 2017. She alleges claims under 42 U.S. Code Section 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, violations of her Texas constitutional rights, false imprisonment, unlawful seizure, abuse of process, malicious prosecution, slander, libel, defamation, and retaliation, based on events that occurred as recently as June 19, 2015.

Harrison filed three unopposed motions for extension of time to serve the defendants, all citing the same reasons. The Court granted each one. She filed her first motion on the original deadline to serve defendants, September 18, 2017. Harrison stated that she was working on an amended complaint, and both Harrison and her counsel were

affected by Hurricane Harvey. Dkt. 4. The Court granted the extension to November 18, 2017. Dkt. 5.

Second, on November 28, 2017, Harrison sought an extension to January 2 (Dkt. 7), which the Court granted. Dkt. 8. Third, on January 1, 2018, Harrison sought an extension to February 2, 2018, which the Court granted. Dkts. 10, 12. The Court did not state in any order extending the deadline that failure to serve defendants by that deadline would result in dismissal.

Harrison filed her first amended complaint on January 2, 2018. Dkt. 11.

On February 17, Harrison filed certificates of service as to Judge Robert Newey, Judge Charley Prine, Patricia Wicoff, the law firm of Schlanger, Silver, Barg & Paine, LLP, Amy Rayann Harris, Clifford Layne Harrison, and Heather Fitzsimmons, all of which declared that summons were served on their respective recipients by February 14, 2018. Dkt. 17.

On February 21, on its own motion, the Court dismissed this action without prejudice for lack of service. Dkt. 18.

On February 26, Harrison filed proof of service on the Law Office of Heather M. Hughes, effective February 1, 2018, and on Heather M. Hughes, on February 12, 2018.

On March 21, 2018, Harrison filed this motion for reconsideration. Dkt. 20.

II. LEGAL STANDARD

Harrison moves for relief under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. The Court considers the motion under Rule 59(e). *See, e.g.*, *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, Civ. Action No. H-18-1848, 2019 WL 4194118, at *2 (S.D. Tex. Sept. 4, 2019) (Rosenthal, J.) (collecting authorities). A Rule 59(e) Motion to Alter or Amend a Judgment "calls into question the correctness of a judgment" and

"serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *In re Deepwater Horizon*, 785 F.3d 986, 991 (5th Cir. 2015).

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Whether to dismiss the action without prejudice or grant an extension is ordinarily within the district court's discretion. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

### III.   ANALYSIS

Harrison argues that the Court's February 21, 2018 order dismissing her case warrants reconsideration "to correct a clear error or prevent manifest injustice" because (1) the Court's dismissal stated that "[a]s of the date of signing, Harrison has not filed proof of service," despite the fact that Harrison had filed proof of service four days earlier, and (2) the Court erred by dismissing her action on its own motion without giving notice of the dismissal. Dkt. 20 at 2, 4. The defendants argue that Harrison still has not properly served Judge York or Judge Prine and has not shown good cause to warrant any extensions, justifying the Court's dismissal. Harrison concedes that she has not properly served Judge York or Judge Prine. Dkt. 22 at 1.

Harrison filed three requests for extension of time to serve defendants after Hurricane Harvey. No defendant opposed any request or objected to the Court's orders granting all extensions. In its orders, the Court did not put Harrison on notice that a given extension would be the last one, or that failure to meet the extended deadline would result in dismissal. Most importantly, the Court's stated reason for dismissing the action was

incorrect. The order stated that Harrison had not filed certificates of service, when in fact, by the time the Court dismissed Harrison's complaint, Harrison had indeed filed certificates of service on most defendants. Accordingly, this Court finds that altering or amending its judgment is necessary.

The Court alters its order to dismiss the action as against only those defendants whom Harrison had served by February 21, 2018. The Court does not reinstate the action as against defendants Judge York or Judge Prine, who Harrison concedes have not been served. The Court finds that to the extent the February 21, 2018 order dismissed Judge York and Judge Prine, reconsidering the order is not needed to correct a manifest error of law or fact. Harrison concedes that they had not been properly served by February 21, 2018. Moreover, as judges, Judge York and Judge Prine have absolute immunity from suit for damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991).

### IV. CONCLUSION

The Court **GRANTS IN PART** Harrison's Motion to Reconsider Dismissal, Relief from Judgment, and for New Trial. Dkt. 20. This case is **REINSTATED**.

SIGNED this day 31st day of January, 2020.

George C. Hanks Jr.
United States District Judge